UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| IVON GUADALUPE CACERES ZOMOSA, | ) ) ) | No. 5:26-cv-03441-JDE |
| Petitioner, | ) ) ) | ORDER REGARDING PETITION |
| v. | ) ) ) | |
| FERETI SEMAIA, et al., | ) ) ) | |
| Respondents. | ) ) | |

**I.**

**PROCEEDINGS**

On June 23, 2026, Ivon Guadalupe Caceres Zomosa ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging her detention by immigration authorities violates the Immigration and Nationality Act, Administrative Procedure Act, and the Due Process Clause. Dkt. 1 ("Petition" or "Pet."). She seeks her immediate release from custody, or alternatively, an individualized bond hearing; a declaration that her detention is unlawful; an order enjoining Respondents from re-detaining her on the basis of immigration status absent a lawful custody

determination consistent with this Court's order and applicable statutory and constitutional requirements; an order enjoining Respondents from transferring her outside this District or removing her while the Petition is pending; and attorney's fees and costs. Id. at 16-17. On June 30, 2026, Respondents filed an Answer, advising the Court that they "are not presenting an opposition argument" and "[s]hould the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." Dkt. 10. Petitioner filed a Traverse on July 1, 2026. Dkt. 11.

For the reasons below, the Petition is granted, in part.

## II.

## BACKGROUND

Petitioner is a native and citizen of Guatemala. Pet. ¶ 21. She entered the United States in May 2005 through Texas. Petitioner was detained by immigration authorities for approximately two nights, processed, and released into the United States. Id. ¶ 22. She has remained in the interior of the United States since that time and built a life. She has no criminal history. Id. ¶ 23. Petitioner has a pending petition for U nonimmigrant status. Id. ¶ 25.

Following her release from custody, Petitioner was ordered removed in absentia after she did not appear for an immigration court hearing. She contends she never received notice of this hearing. Pet. ¶ 26. On May 21, 2026, Petitioner appeared as directed for a biometrics appointment in connection with her pending humanitarian petition. Id. ¶ 27. At this appointment, immigration officials informed Petitioner that she had failed to appear for an immigration hearing and had been ordered removed. Id. ¶ 29. She was taken into custody. Id. ¶ 30. Petitioner subsequently moved to reopen her removal proceedings based on lack of notice, which was granted and the removal order

was rescinded. She is therefore no longer subject to a final order of removal. Id. ¶¶ 33-34. Nonetheless, Respondents have continued to detain her "under a no-bond framework," with no adjudicator considering whether her detention is necessary to prevent flight or to protect the community. Id. ¶ 5. Her next hearing in immigration court is scheduled for July 30, 2026. Id. ¶ 35.

Although provided an opportunity to challenge these facts by way of Answer, Respondents did not do so.

### III.

### DISCUSSION

A petitioner seeking habeas relief must demonstrate that she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

Here, Petitioner contends that the order reopening her removal proceedings eliminated any basis for continuing to detain her under the post-final order of removal provisions of 8 U.S.C. § 1231, but Respondents continue to detain her without providing any statutory basis or an individualized custody determination under 8 U.S.C. § 1226(a). See Pet. ¶¶ 36-39. Respondents do not dispute this or provide any basis for continuing to detain Petitioner. Indeed, as noted, Respondents concede they do not have an opposition argument to present. Dkt. 10.

As noted, Petitioner seeks immediate release or alternatively, an individualized bond hearing, and Respondents offer no opposition. The Court interprets the Answer as consent by Respondents to the alternative relief of an

3

order directing Petitioner's immediate release. <u>Cf.</u> C.D. Local Civil Rule 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion[.]"). Therefore, with Respondents' consent, the Court orders Petitioner immediately released.

**IV.**

**ORDER**

IT IS ORDERED that Judgment shall be entered: (1) granting the Petition, in part and ORDERING Respondents to immediately release **Petitioner Ivon Guadalupe Caceres Zomosa (A# 098-960-154)** from custody, subject only to narrowly tailored conditions of release no more restrictive than necessary to ensure her appearance as required and to protect the community, if any; and (2) denying the Petition without prejudice in all other respects as moot, unsupported, and/or speculative.

Dated: July 1, 2026

_____
JOHN D. EARLY
United States Magistrate Judge

4